## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EMILIO SILVA SANCHEZ,

     Petitioner,

v.                                                                        No. 26-cv-0464-KWR-LF

WARDEN CASTRO, *et al*,

     Respondents,

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition).  The Petition was filed by Petitioner's putative Next Friend and wife, LaVonne Silva Sanchez.  She alleges Petitioner is detained in violation of the Constitution and federal law.  *See* Doc. 1 at 3.  She also seeks a stay of removal and "humanitarian parole."  *Id.* at 2.  Elsewhere in the Petition, however, Silva Sanchez states Petitioner is facing (or has faced) felony reentry charges and that immigration authorities "unlawfully removed him from the United States."  *Id.* at 1, 2.  The statement about removal could refer to a past incident, but that issue is not entirely clear.

On this record, the Court cannot adequately review or discern the scope of Petitioner's claims for purposes of Habeas Corpus Rules 1 and 4.  To the extent Petitioner has already been removed, no relief is available.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (concluding § 2241 claims are moot after petitioner's "removal order has been executed," and he is no longer in the United States); *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (noting the "in custody" requirement of § 2241 is jurisdictional at the time of case

filing).

Assuming Petitioner is still in the United States, it is not clear whether he is subject to civil immigration detention; subject to a criminal judgment; and/or awaiting charges for illegal reentry. It is also not entirely clear where Petitioner is located.[1]  The Petition states Petitioner was in Washington state and purports to attach an Exhibit titled "time of detention and transfers," but no such exhibit exists.  *See* Doc. 1 at 8.

For these reasons, the Court will require Petitioner to file an amended § 2241 petition within twenty-one (21) days of entry of this Order.  The amendment must confirm whether Petitioner is still in the United States.   Assuming he is, the amendment should also include details about Petitioner's location/address; his A-Number, if he is an immigration detainee; his country of origin; the status of any state or federal criminal charges against Petitioner; when he originally entered the United States; and whether/when the Immigration Court entered a removal order or denied bond.  The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice to refiling.

The Court also notes that the Petition contains a request to proceed *in forma pauperis*.  *See* Doc. 1 at 20.   The Court will grant that request and allow Petitioner to proceed without prepaying the $5.00 filing fee.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall file an amended petition, as set forth above.

**IT IS FURTHER ORDERED** that Petitioner's request to proceed *in forma pauperis* is

---

[1] Based on a docket entry, it appears the United States Marshal Service (USMS) may have located Petitioner at the Luna County Detention Center (LCDC), but the Petition is unclear with respect to his current facility.

2

**GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk's Office will **MAIL** a copy of this Order to

Next Friend LaVonne Silva Sanchez at her address in the Petition (Doc. 1 at 19).


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3