IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMILIO SILVA SANCHEZ,

      Petitioner,

v.                                                                      No. 26-cv-0464-KWR-LF

WARDEN CASTRO, *et al*,

      Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Emilio Silva Sanchez's Amended Habeas Corpus Petition under 28 U.S.C. § 2241 (Doc. 4) (Amended Petition). Petitioner ostensibly seeks a release from civil immigration detention. However, the Amended Petition clarifies that he was recently convicted of federal reentry charges. Having reviewed the record, the Court declines to order Petitioner's release under § 2241 and will dismiss this matter without prejudice.

**BACKGROUND**

Petitioner is a citizen of Mexico. He was arrested on January 14, 2026 for reentry of a removed alien in violation of 8 U.S.C. § 1326(a). *See* CR Doc. 1 in 26-cr-0340-MIS. The Criminal Complaint reflects Petitioner was previously deported on November 12, 2025. *Id.* Petitioner was ordered to remain in custody pending trial. *See* CR Doc. 1 in 26-cr-0340-MIS. He pled guilty to the illegal reentry charge on January 30, 2026. *See* CR Doc. 11, 13 in 26-cr-0340-MIS. By a Judgment entered March 24, 2026, the Court (Hon. Margaret Strickland) sentenced Petitioner to the lesser of 70 days imprisonment or time served. *See* CR Doc. 18 in 26-cr-0340-MIS. The Judgment recommends "that Immigration and Customs Enforcement begin immediate removal

proceedings" after the sentence is complete. *Id.* at 2.

The instant § 2241 proceeding was filed on February 17, 2026. The original Petition (Doc. 1) was ostensibly filed by Petitioner's wife and putative Next Friend LaVonne Silva Sanchez. It includes references to a prior removal; fails to clarify Petitioner's custody status; and seeks "humanitarian parole." Doc. 1. The original Petition does not disclose Petitioner's federal criminal case, but it indicates he may have been in the custody of the U.S. Marshal at the time of filing. *Id.* at 1-2.

By a Memorandum Opinion and Order entered February 26, 2026, the Court directed Petitioner to amend his petition and clarify, inter alia, the status of any federal criminal charges. *See* Doc. 3. Petitioner's wife, LaVonne Silva Sanchez, responded by sending more than 25 *ex parte* emails to chambers. It appears that the emails were sent on the explicit advice of an undisclosed ghostwriter, who likely drafted the pleadings in this case. The original Petition contains similar instructions by a ghostwriter, directing LaVonne Silva Sanchez how to file the petition and offering to help write additional documents. *See* Doc. 1 at 8, 11 ("next I can help you write a doctor/therapist support letter template, which can make this even stronger legally").

LaVonne Silva Sanchez attached the Amended Petition (Doc. 4) to an email sent March 23, 2026. The Court directed the Clerk's Office to file the Amended Petition of record, even though it was not properly filed pursuant to local rule. *See* NM Local Rule 5.1. The Amended Petition was ostensibly prepared by LaVonne Silva Sanchez. It does not contain a signature, however, and it also appears to be drafted by someone other than Silva Sanchez. *See* Doc. 4 at 7. The Amended Petition concedes that Petitioner is subject to federal charges for reentry of a removed alien in 26-cr-0340-MIS. *See* Doc. 4 at 2. Nevertheless, the Amended Petition seeks an immediate release

2

from custody; a bond hearing; humanitarian parole; or stay of removal. *Id.* at 6. As ground for this relief, the Amended Petition challenges the underlying illegal reentry charges and states Petitioner was improperly deported in 2025. *Id.* at 2-4. The Amended Petition also argues removal would be unlawful under due process principles; humanitarian considerations; and asylum protections. *Id.* at 4. The Court will consider whether relief is available under 28 U.S.C. § 2241.

## DISCUSSION

The Amended Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241. Habeas relief is available under Section 2241 where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Having reviewed the Amended Petition, the Court finds relief is not available under § 2241. Petitioner is in custody pursuant to a criminal judgment entered about one week ago, on March 24, 2026. *See* CR Doc. 18 in 26-cr-0340-MIS. He cannot challenge that Judgment through a § 2241 proceeding. *See Moreno v. United States*, 2026 WL 480190, at *1 (10th Cir. Feb. 20, 2026) (a challenge to a federal conviction/sentence must be raised under 28 U.S.C. § 2255, unless the petitioner can demonstrate § 2255 is inadequate).

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Proceedings in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (court acted within its discretion by applying § 2254 Rules to § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (courts may summarily dismiss any habeas petition that appears legally insufficient on its face).

To the extent Petitioner is no longer serving the federal sentence and has been transferred to immigration custody, the Court cannot order a release. By statute, Petitioner's prior removal order is automatically reinstated following his illegal reentry conviction. *See* 8 U.S.C. § 1231(a)(5) (where a noncitizen "has reentered the United States illegally after having been removed …, the prior order of removal is reinstated …, and the [petitioner] is not eligible and may not apply for any relief under this chapter"). His detention is governed by 8 U.S.C. § 1231, and he is not entitled to a bond hearing or similar process under 8 U.S.C. § 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021) (detention is governed by § 1231, rather than § 1226, where a noncitizen is subject to a reinstated removal order following an illegal reentry conviction). Assuming without deciding that Petitioner can challenge his detention after expiration of the six-month period under *Zadvydas v. Davis*, 533 U.S. 678 (2001), relief is not available at this time. Petitioner obtained his criminal judgment; completed his time-served sentence; and entered civil immigration detention within the last week. *See, e.g., Fuentes v. Henn,* 2025 WL 3771409, at *4 (D. Nev. Dec. 31, 2025) (noting immigration detention is presumptively reasonable for six months where, as here, the petitioner was convicted of illegal reentry and is subject to a reinstated removal order). The Court therefore cannot grant the Amended Petition and/or order a release under 28 U.S.C. § 2241.

As a separate, alternative reason for dismissal, the Court also finds the Amended Petition was not signed by Petitioner or by someone who may proceed as his Next Friend. Under certain limited circumstances, "next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable … to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990); *see also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] … 'next friend' standing analysis [set forth in *Whitmore*]

in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."). The petition "must set forth some … explanation for the necessity of resorting to the use of a 'next friend'" such as "inaccessibility, mental incompetence or other disability." *Williams v. Boone*, 166 F.3d 1223, *5 (10th Cir. 1999) (quoting *Whitmore*, 495 U.S. at 162). If the next friend fails to adequately demonstrate why the petitioner is unable sign and verify the petition, the Court is without jurisdiction to consider it. *Id.*; *see also Jiron v. Swift,* 671 Fed. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing).

Here, LaVonne Silva Sanchez submitted all pleadings on behalf of Petitioner Emilio Silva Sanchez. The Petition states that the putative Next Friend - LaVonne Silva Sanchez - suffers from a mental disability, *see* Doc. 1 at 6, but it does not establish that Petitioner himself is unable to file. It is also not clear why Petitioner must resort to a Next Friend when it appears the Petition and Amended Petition were drafted by a ghostwriter. *See, e.g.,* Doc. 1 at 8, 11, 14 (describing services; offering to tailor the Petition to this District; and offering to obtain a therapist support letter). The Petition is therefore subject to dismissal because LaVonne Silva Sanchez has not established Next Friend standing. LaVonne Silva Sanchez is reminded that all communications with the Court must be filed of record, rather than emailed to chambers. If she continues to make *ex parte* contacts, the Court may impose restrictions on filing/communications or investigate the ghostwriter's identity.

**IT IS ORDERED** that Petitioner Emilio Silva Sanchez's Amended Habeas Corpus Petition under 28 U.S.C. § 2241 (**Doc. 4**) is **DISMISSED without prejudice** because relief is not currently available under 28 U.S.C. § 2241 and alternatively, because LaVonne Silva Sanchez failed to establish standing to file on behalf of Petitioner.

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment closing the civil habeas case.

_____/**S**/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE